## HAAS, SCHACHTER & KASS v. BONWIT, TELLER & CO.

### (Supreme Court, Appellate Term. November 12, 1909.)

1. EVIDENCE (§ 220*)—ADMISSIONS.

   No admission can be inferred from one's failure to answer a letter demanding payment of a disputed claim.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 781; Dec. Dig. § 220.*]

2. APPEAL AND ERROR (§ 1050*)—EVIDENCE—HARMLESS ERROR.

   Where all the witnesses as to the modification of a contract of sale, claimed by plaintiffs and denied by defendant, were interested and uncorroborated, it was seriously prejudicial and reversible error to admit, in corroboration of plaintiffs' testimony, a letter demanding payment of the sum sued for, which was introduced in evidence on the theory that the jury could infer an admission from defendant's failure to answer it.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

Appeal from City Court of New York, Trial Term.

Action by Haas, Schachter & Kass against Bonwit, Teller & Co. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Arthur B. Hyman, for appellant.

Bogart & Bogart, for respondents.

LEHMAN, J. Plaintiffs entered into a contract with the defendant corporation for the manufacture and sale of a case of about 45 pony skin coats of three qualities, at an average price of $54 per coat and $3 additional for silk lining. They delivered one shipment of coats of first and second grades, and a second shipment of coats of third-grade furs. The defendant objected to the coats of at least the second shipment, and after some discussion refused to accept them. The defendant claims that it also objected to the first shipment, although it accepted 10 coats from this shipment. The plaintiffs claim that, after the second shipment was refused, they demanded that the defendant should receive them, as they were not defective, and that the defendant then agreed that, in lieu of accepting the remainder of the coats, it should accept only 10 coats of the first shipment and pay

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for these coats at the value of first and second quality coats sold separately, viz., $67.50 for first quality and $55 for second quality, or $612.50 for the 10 coats. The defendant denies this modification, and stands upon its original contract, which has never been completed. The jury believed the plaintiffs, and gave a verdict for $612.50, with interest.

The plaintiffs Haas and Kass testify as to their transactions with the defendant, but are corroborated by no other witnesses. The defendant's witnesses upon the essential points are the president of the corporation, the manager of the fur department, and one of their employés. The jury could properly consider that all the witnesses were interested. The fact that the price of fur advanced at least to some extent after the contract was made makes the story of the plaintiffs somewhat improbable. Under these circumstances the written exhibits in corroboration of the plaintiffs' testimony become of great importance. One of these exhibits was a letter, dated November 10, 1908, reading as follows:

"Messrs. Bonwit, Teller & Co., West 23d Street, New York—Gentlemen: We are greatly surprised and disappointed at your conduct and dealings we had together. You have failed to live up to any of the promises and agreements made with us. We desire now to notify you that we shall look to you for the payment, for the sum of $612.50, when the sum becomes due as soon as the promises and agreements are made.

"We remain, yours truly,         Haas, Schachter & Kass."

The defendant testifies that it never received this letter, and objected to its receipt in evidence because it is dated long after the controversy as to accepting the second shipment of coats, and is a self-serving declaration, requiring no answer. The learned trial justice admitted, not only this letter, but two other letters of similar tenor. While the jury had a right to infer, from the evidence that this letter was properly addressed and mailed, that it was also received, no admission can be inferred from the failure of the defendant to answer it. It was introduced in evidence, either upon the theory that the jury could infer such an admission, or in order to prejudice the jury. In connection with the other letters, it represents practically the only corroboration which the plaintiffs can show for their own interested testimony. Its admission, therefore, was so seriously prejudicial to the defendant that it requires a reversal of the judgment.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.